540

## In re COLUMBIA S. S. CO.

District Court, N. D. Ohio, E. D.   July 18, 1928.

No. 2965.

Day & Day, of Cleveland, Ohio, and Bigham, Englar & Jones, of New York City (William L. Day, of Cleveland, Ohio, and James W. Ryan, T. Catesby Jones, and Charles W. Hagen, all of New York City, of counsel), for Louis-Dreyfus & Co. and Scottish Metropolitan Assurance Co., Limited.

James M. McSweeney, of Cleveland, Ohio, and Duncan & Mount, of New York City, for Standard Marine Ins. Co., Limited.

Goulder, White & Garry, of Cleveland, Ohio, for Columbia Steamship Co., owner of the steamer Leonard B. Miller.

Holding, Duncan & Leckie, of Cleveland, Ohio, for Great Lakes Transportation Co., Limited, owner of steamer Glenorchy.

JONES, District Judge. This matter is before the court on exceptions to the report of the special commissioner, to whom had been referred for findings of fact and conclusions of law the issues raised between the Scottish Metropolitan Assurance Company, Limited, and the Standard Marine Insurance Company, Limited, concerning the distribution between the underwriters who had paid cargo loss, of fund awarded cargo owner in proceedings for limitation of liability of vessel owner. The commissioner found and concluded upon full hearing that the companies should be decreed to share pro rata in the fund awarded to the owner of the cargo after the payment of expenses of litigation incurred by the owner.

The facts were stipulated by the parties and are set forth fully in the report of the commissioner. The Scottish Company issued its policy on the cargo of wheat for the full value of the wheat at an agreed full valuation of $284,000. The Standard Company later issued an open policy on the same cargo to cover increased value on the grain, and indemnifying against loss on the basis of the difference between invoice value and the highest market value, plus 5 cents, between the day of sailing at the point of shipment and the day of final delivery at destination. The cargo was lost in collision and both companies paid the full amounts provided by the policies. In the limitation of liability proceedings which followed, the value of the cargo was fixed at a total value of $309,500. The Scottish Company paid to the owner of the cargo $284,000; the Standard Company, $62,500.

The distribution of the fund found by decree of court is the question for decision. The Standard Company contends that the fund should be distributed pro rata between the underwriters; the Scottish Company asserts that it should be entitled to reimbursement in full in preference to any payment to the Standard Company.

Since the fund in dispute arises out of a liability fixed by decree of court, based upon value of the cargo at the time and place of shipment, the question of subrogation seems to be important. It will not be possible to review the findings of the commissioner at this time, nor to set down fully the considerations upon which a conclusion has been reached. Upon consideration of the questions presented, I am constrained to take an opposite view from that reported by the commissioner. The insurer is in equity subrogated to such rights only as the assured had. If the owner of the wheat is limited in his

right to recover against the offending ship for loss based upon value at the time and place of shipment, it seems clear that subrogation can extend only to such limit or value. Since the owner of the cargo could not recover against the Miller for increased value based upon a market price at the point of delivery, no such right could pass to or be enforced by the Standard Company. Subrogation does not arise out of the contractual liability of the insurer to pay a specified sum upon loss, but depends upon the right of the loser of the cargo to collect from the wrongdoer. The increased value of the wheat was not a loss which the Miller was required to pay. Subrogation extends only to that which the assured can recover. Despite the language of the Standard policy, it was not in fact or law insurance upon the cargo, but upon the price at the point of delivery, for the loss of which there was no recovery by the owner of the cargo against the offending ship, and therefore no subrogation.

■ The indemnity provided by the Standard policy did not cover the character of loss for which recovery could be had by the owner against the Miller, and therefore the Standard Company is not entitled to prorate with the Scottish Company in the distribution of a fund representing actual value at the time and place of shipping. I think the Scottish Company entitled to full payment from the fund.

The exceptions to the commissioner's report will be sustained, and the Standard Company may have exceptions to the ruling here made.